IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E. CALDERON,

    Petitioner,               No. CIV S-06-0770 GEB  GGH P

    vs.

ATTORNEY GENERAL OF CALIFORNIA,

    Respondent.             ORDER

_____/

        A joint scheduling statement in this matter was filed on July 31, 2006, pursuant to the court's order filed June 2, 2006. Although the joint scheduling statement was due on July 2, 2006, and no basis for an extension of time was set forth, the statement will be deemed timely as the court's review of the docket indicates that petitioner's current counsel was only substituted as of July 5, 2006.[1] See Order, filed on 7/5/2006. After reviewing the joint statement, the court issues the following ORDERS:

        1. The joint scheduling statement, filed on July 31, 2006, is deemed timely;

\\\\\

---

[1] Petitioner's counsel is cautioned as to a proposed order filed on July 31, 2006, the court could not consider it because counsel failed to email the proposed order in wordprocessing format, which is required by E.D. Local Rule 5-137(b). Counsel must, in future, submit all proposed orders in full compliance with the local rules.

1

2. Should petitioner elect to proceed on an amended petition of exhausted claims only, the amended petition must be filed within 90 days along with any memorandum of points and authorities; if such an amended petition is filed and served, respondent must file an answer or dispositive motion within 60 days thereafter; petitioner must file any reply or opposition, as appropriate, within 30 days of service of respondent's responsive pleading; if respondent filed a motion, respondent will have 15 days after service of an opposition to file a reply.

3. Should petitioner identify unexhausted claims which petitioner will seek to exhaust, petitioner shall file an amended petition, within 90 days, setting forth all claims, exhausted and unexhausted, and shall demonstrate good cause for having failed to exhaust state court remedies as to any claim which petitioner would seek to exhaust.  Petitioner shall move the court to hold the proceedings in abeyance pending exhaustion of state court remedies as to the unexhausted claims, within 90 days; if a stay is ultimately granted, petitioner must immediately pursue state court exhaustion, that is, within 30 days of the granting of a stay, and, upon said exhaustion in state court, within 30 days, proceed upon the amended petition in federal court.

4. Should respondent object to any motion for a stay of proceedings by petitioner to pursue unexhausted claims, respondent must file any opposition to such a motion within 30 days of service thereof; thereafter, petitioner has 15 days to file any reply.

5. If petitioner intends to make a motion for leave to conduct discovery under the Rules Governing Section 2254 Cases, Rule 6(a), petitioner must do so within 60 days; if respondent opposes any such motion respondent must do so within 30 days thereafter; petitioner's reply, if any, must be filed within 15 days of any opposition by respondent.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

6. If petitioner chooses to move for an evidentiary hearing, petitioner must do so at the earliest appropriate opportunity; should petitioner file a motion for an evidentiary hearing, as respondent anticipates opposing any such motion, respondent must file any opposition within 30 days of service of the motion, and petitioner must file any reply within 15 days of service of any opposition.

DATED: 8/4/06   /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cald0770.pst